[Cite as *State v. Camacho*, 2021-Ohio-3975.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

ELIAS CAMACHO,

        Defendant-Appellant.

CASE NO. 2021-L-054

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000459

## O P I N I O N

Decided: November 8, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administrative Building 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (for Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 129 East Erie Street, Painesville, Ohio 44077 (for Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Elias Camacho, appeals his convictions of having weapons while under disability, in violation of R.C. 2929.13(A)(2), and tampering with evidence, in violation of RC 2921.12(A)(1).

{¶2} For the following reasons, we affirm the judgment of the Lake County Court of Common Pleas.

{¶3} On April 21, 2020, at 7:30 a.m., officers responded to a dispatch call to investigate a gunshot at an apartment building on 40 East South Street. On the way,

police saw Appellant walking down the street wearing only a pair of boxer shorts and noticed that he was bleeding heavily from a laceration on his left hip. The police asked Appellant how he was injured, and he said that he was mugged while leaving his residence at 40 East South Street.

{¶4} While Appellant was at the hospital receiving treatment for his injuries, the police arrived at Appellant's residence to investigate the gunshot. The police saw a bullet mark and bullet fragments near the front door. Appellant's girlfriend told the police that she and Appellant had an altercation, that she stabbed him, that she was also injured, and that a gun had been shot.

{¶5} At the hospital, the police asked Appellant if he had a gun and whether it was in his vehicle. Appellant denied having or knowing of a gun. Appellant was arrested. While in jail, Appellant called a friend asking her to retrieve personal items from his vehicle, stating: "I need you to go in the truck, right under the seat, it's something I need you to grab. If they go and if they get a warrant for the truck, it's over with me. I'm not coming home, alright? Do you understand that?" The friend refused the request to remove the items from the vehicle. Appellant asked again the next day, stating: "Something gotta shake. I can't – I can't take out for this gun." The friend then suggested Appellant tell the police that the gun belonged to his girlfriend, to which Appellant replied, "It's her gun, but I'm not saying it's nobody's gun."

{¶6} The police obtained a search warrant for Appellant's vehicle and apartment and found the gun in Appellant's vehicle under the passenger seat. The gun had two traces of blood on it, with one trace matching Appellant. Appellant's girlfriend admitted to owning the gun but did not admit to using it during the altercation.

2

{¶7} Appellant was convicted at trial of 1) having weapons while under disability, in violation of R.C. 2923.13(A)(2); and 2) tampering with evidence, in violation of RC 2921.12(A)(1), with a firearm specification.

{¶8} At trial, witnesses testified that shortly after hearing a gunshot, they saw a shirtless man matching Appellant's description run out of the apartment and put something in his vehicle.

{¶9} ASSIGNMENT OF ERROR 1: THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION FOR ACQUITTAL UNDER CRIM. R. 29(A).

{¶10} ASSIGNMENT OF ERROR 2: THE TRIAL COURT TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29. Under Crim.R. 29(A), "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman, 55 Ohio St.2d 261, 381 N.E.2d 261 (1978), at syllabus. "Thus, when an appellant makes a Crim.R. 29(A) motion, he or she is challenging the sufficiency of the evidence introduced by the state." *State v. Patrick*, 11th Dist. Trumbull Nos. 2003-T-0166, 2003-T-0167, 2004-Ohio-6688, ¶ 18.

3

Case No. 2021-L-054

{¶12} "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A)." *State v. Thompkins*, 78 Ohio St. 3d 380, 386, 678 N.E.2d 541 (1997). The appellate court's standard of review for sufficiency of evidence is to determine, after viewing the evidence in a light most favorable to the prosecution, whether a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶13} "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics but depends on its effect in inducing belief." *Id.* at 387. Whereas sufficiency relates to the evidence's adequacy, weight of the evidence relates the evidence's persuasiveness. *Id.* The reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

4

Case No. 2021-L-054

{¶14} Since circumstantial evidence and direct evidence possess the same probative value, a jury may consider circumstantial evidence. *Jenks*, at 272.

{¶15} Appellant argues, first, that the trial court erred when it denied his motion for acquittal under Crim.R. 29 because there was insufficient evidence to convict him of having weapons while under disability, in violation of R.C. 2923.13(A)(2).

{¶16} R.C. 2923.13(A)(2) provides:

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if the person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶17} Appellant contends he did not acquire, have, carry, or use the firearm as required under R.C. 2923.13(A)(2) because there was insufficient evidence that he was seen with a firearm or that he owned a firearm. Appellant's neighbors testified that after hearing a gunshot, they saw him run to his vehicle and put something on the passenger side where the gun was found with his blood on it. The jail call records are additional evidence that Appellant "had," "carried," "used," or "acquired" the firearm. In the jail call records, Appellant explicitly tells his friend that the gun needs to be removed from his vehicle before police obtained a search warrant, stating: "If they go and if they get a warrant for the truck, it's over with me. I'm not coming home, alright? Do you understand that? Something gotta shake. I can't – I can't take out for this gun." This evidence demonstrates that Appellant knew that 1) he was not supposed to acquire, have, carry, or use a firearm under disability, and 2) if the gun was found in his vehicle, the police would know that he did, in fact, acquire, have, carry, or use a firearm. This is sufficient

5

evidence for a rational trier of fact to find that Appellant met the elements of having weapons under disability. It is irrelevant that Appellant did not own the gun, as R.C. 2923.13(A)(2) prohibits having, carrying, or using a firearm.

{¶18} Appellant's first assignment of error is without merit.

{¶19} Appellant also argues that his conviction of having weapons while under disability is against the manifest weight of the evidence.

{¶20} Here, the evidence shows a man, identified as Appellant, seen putting something in the passenger side of Appellant's vehicle where the gun was found containing traces of Appellant's blood. Though the evidence is circumstantial, the jury's duty is to weigh all evidence, direct and circumstantial, which it did. *Jenks.* at 272, 502. Weighing the evidence and all reasonable inferences, we cannot find that the jury clearly lost its way or created such a manifest miscarriage of justice that would warrant reversing Appellant's conviction.

{¶21} Appellant's second assignment of error as to his conviction of having weapons under disability is without merit.

{¶22} Appellant next argues that the trial court erred when it denied his motion for acquittal under Crim.R. 29 because there was insufficient evidence to convict him of tampering with evidence under R.C. 2921.12(A)(1).

{¶23} R.C. 2921.12(A)(1) provides: "no person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1) alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation." "Thus, to prove tampering with evidence, the state had to prove the

6

defendant (1) had knowledge that an official proceeding or investigation was in progress, or likely to be instituted; and (2) altered, destroyed, concealed, or removed the potential evidence; (3) for the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 11.

{¶24} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Under R.C. 2921.12(A)(1), the court does not impute constructive knowledge on the defendant. *State v. Barry*, 145 Ohio St. 3d 354, 2015-Ohio-5449, 49 N.E.3d 1248, ¶ 24. Rather, the defendant must be subjectively aware that his conduct will probably cause a certain result or that circumstances probably exist. *Id.*

{¶25} In *State v. Shaw*, 2018-Ohio-403, 8th Dist. Cuyahoga 105 N.E.3d 569, the court held that circumstantial evidence may demonstrate that a defendant subjectively knew, based on his conduct, an investigation was likely to be instituted. In *Shaw*, the defendant was convicted for tampering with evidence after shooting a gun at two individuals in a residential neighborhood in broad daylight. *Id.* at ¶ 7. When the police arrived, they asked the defendant if he had a gun or shot a gun and he denied both accusations. The police later found the gun behind the wall in the defendant's basement. *Id.* at ¶ 10. At issue was whether the defendant hid the gun knowing an investigation or proceeding was likely to be instituted. *Id.* at ¶ 18. The court held that it is reasonable to infer the defendant subjectively knew an investigation would be likely when he shot a gun

7

in a residential neighborhood in broad daylight and then lied about it. *Id.* at ¶ 23. Thus, the court held there was sufficient evidence to convict the defendant of tampering of evidence. *Id.* at ¶ 29.

{¶26} Similar to the facts in *Shaw,* appellant was in an altercation in which he was stabbed, a gun was fired in the morning in a residential apartment complex, and he denied having or using a gun even though one was found in his vehicle with his blood on it. Gunshots in a residential area during the day is sufficient circumstantial evidence to prove that Appellant subjectively knew an investigation would likely be instituted. *Id.* at ¶ 18. Thus, the first element of tampering with evidence is sufficient.

{¶27} Appellant argues he did not remove the gun, as there was no evidence showing he ever had the gun. This is incorrect. The state's evidence was: 1) the witness testimony saying they saw Appellant put something in the passenger side of his vehicle; 2) the gun with traces of Appellant's blood on it; and 3) the jail call records in which Appellant explicitly asked a friend to remove items from his vehicle because "I can't take out for this gun." This is sufficient for a jury to find Appellant had the gun and removed it to the truck, satisfying element two of tampering with evidence.

{¶28} Appellant also contends there was insufficient evidence because it is reasonable to believe he moved the gun to his vehicle to prevent his girlfriend from harming him, not to impair its availability during an investigation. Yet, a court shall not grant an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions. *Bridgeman*, 55 Ohio St.3d 261, at syllabus. The evidence shows a man matching Appellant's description placing something in Appellant's vehicle shortly after the gun was shot. The evidence also shows that Appellant later attempted

8

to have a friend move the gun from his vehicle before the police obtained a search warrant. This is sufficient evidence for a jury to find that Appellant's purpose for moving the gun was to impair its availability during an investigation, not to prevent his girlfriend from harming him.

{¶29} A rational trier of fact could find there was sufficient evidence to support all elements of tampering with evidence beyond a reasonable doubt. Appellant's first assignment of error as to his conviction of tampering with evidence is without merit.

{¶30} Appellant lastly argues that his conviction of tampering with evidence is against the manifest weight of the evidence. The state's evidence is that shortly after hearing a gunshot, Appellant was seen placing something in his vehicle where the gun was found with his blood on it. Further evidence is the phone call asking his friend to move the gun from the vehicle before police obtained a search warrant. Weighing the credibility of the testimony and all inferences from the evidence, we cannot find that the jury clearly lost its way or created such a manifest miscarriage of justice that would warrant reversing Appellant's conviction.

{¶31} Appellant's second assignment of error is without merit.

{¶32} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-L-054